**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

BRANDON GARCIA,

Petitioner,

v. Case No. 2:26-cv-02219-MSN-tmp

CHRISTOPHER BULLOCK,
New Orleans Field Office Director for
ICE Enforcement and Removal Operations,

Respondent.

---

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

---

Before the Court is Petitioner Brandon Garcia's Amended Petition for Writ of Habeas Corpus ("Petition"), seeking immediate release or, alternatively, a bond hearing. (ECF No. 7.) Respondent concedes that Petitioner is entitled to a bond hearing under *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026). (ECF No. 18 at PageID 59.) Yet Petitioner has never requested one. Respondent argues that Petitioner should be required to exhaust his administrative remedies before seeking judicial relief. (*Id.*) The Court agrees.

Before seeking judicial review, parties may first be required to exhaust their administrative remedies, i.e., pursue "all possible relief within the agency itself." *Howell v. I.N.S.*, 72 F.3d 288, 291 (2d Cir. 1995). Sometimes Congress mandates administrative exhaustion by including it in a statute governing judicial review. *Perkovic v. I.N.S.*, 33 F.3d 615, 619 (6th Cir. 1994). But "in most contexts, exhaustion of administrative remedies is a prudential, court-created doctrine." *Id.* (citation modified). That is the case here.

In his reply, Petitioner argues that exhaustion would be futile, but the Court finds the argument speculative. (ECF No. 19 at PageID 77.) Indeed, the experience of this Court is that the immigration court has readily complied with the dictates of *Lopez-Campos*, and Petitioner has offered nothing to contradict that experience. Although Petitioner initiated this case before *Lopez-Campos*, administrative relief has been available to him for months. And he should seek that relief first because requiring exhaustion will "protect administrative agency authority." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (citation modified). Although the Court has, in past cases, excused administrative exhaustion, that approach is no longer appropriate in light of *Lopez-Campos*. Petitioner has not shown that exhausting his administrative remedies would prejudice him, would be futile, or that the administrative body is biased or has predetermined the issue. *See McCarthy v. Madigan*, 503 U.S. 140, 147–48 (1992); *Satgunam v. Michigan State Univ.*, 556 F. App'x 456, 464 (6th Cir. 2014) (citing *McCarthy*); *Smith v. United States Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) (discussing futility exception).

Petitioner's reply indicated that his pending removal order would become administratively final on September 3, 2026. The Court is unaware of whether an appeal was taken or if the removal order became final. In the event that it became final, Petitioner would subject to the mandatory detention provision of 8 U.S.C. § 1231. Either way, dismissal is appropriate here.

For these reasons, Petitioner must exhaust his administrative remedies before seeking habeas relief in this Court. Therefore, the Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**, and this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of November, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE